James W. ARTHUR, Jr., Plaintiff,

v.

AVIS RENT–A–CAR SYSTEM, INC., Defendant.

Civ. A. No. 84–1273.

United States District Court, District of Columbia.

June 4, 1985.

Douglas R. Stevens, Washington, D.C., for plaintiff.

James C. Gregg, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

STANLEY S. HARRIS, District Judge.

This case is before the Court on defendant's motion to dismiss based on the District of Columbia's Compulsory/No Fault Motor Vehicle Insurance Act of 1982, D.C.Law 4–155, D.C.Code § 35–2101 *et seq.* (Supp.1984). In opposition, the plaintiff claims he is exempt from the Act's restriction on civil liability suits because of his status as a taxicab driver. *See* D.C.Code §§ 35–2105(a) and 35–2111(e). *See also* Mayor's Order No. 82–223 (Dec. 30, 1982).

■ The issue of the Act's applicability to taxicab drivers is no longer novel, having been brought before at least two other judges of this Court. The Court adopts the comprehensive analysis of Judge Hogan's opinion in *Nasaka v. Data Access Systems,* 602 F.Supp. 761 (D.D.C. Feb. 14, 1985). *But see Adamoh-Faniyan v. McConnell,* 613 F.Supp. 38 (D.D.C.1985). In *Nasaka,* Judge Hogan held that the exemption of taxicabs under § 35–2111(e) and the Mayor's Order "applies only to the mandatory insurance provision, D.C.Code § 35–2103. The exemption does not prevent a taxicab owner

or driver from claiming benefits under the No-Fault Law, nor does it entitle him to avoid the limitations on civil liability set forth in D.C.Code § 35–2105." *Id.* at 8. To hold otherwise would be to put taxicab drivers in the enviable and untenable position of being free to sue while being free from most suits.

Once an individual is found to be covered by the restriction of § 35–2105(a), civil liability actions are precluded unless one of the six exceptions set forth in § 35–2105(b) is applicable. The plaintiff has not shown any facts warranting the applicability of exceptions 1–5. Furthermore, the plaintiff showed no more than $480 in medical expenses, a figure far short of the $5,000 amount required to maintain a civil action under exception 6.

■ The $5,000 threshold was found unconstitutional in *Dimond v. District of Columbia,* No. 83–1938 (D.D.C. Dec. 7, 1984). *See also Adamoh-Faniyan v. McConnell, supra.* This Court respectfully disagrees with the holding in *Dimond* (which now is on appeal).

A monetary threshold is rationally related to the Act's purpose of eliminating expensive litigation for minor claims for non-serious injuries. It also is related to the Act's purpose of providing adequate protection, since reduced litigation costs are expected by the legislature to reduce insurance costs, thereby making insurance rates reasonable and affordable. Although the $5,000 threshold may be the highest in the country, the monetary amount of the threshold was reached after considerable discussion and is under continuing study by the Council of the District of Columbia. *See* Fortieth Legislative Session, Proceedings, June 8, 1982, pp. 92–98, 124; Forty-First Legislative Session, June 22, 1982, pp. 136–38, 289–90; Compulsory/No-Fault Motor Vehicle Insurance Act of 1982, Improvements Amendments Act of 1983, Bill 5–246, July 8, 1983. While it is recognized that the Court of Appeals may agree with Judge Gasch in the *Dimond* case, this

Court does not find a lack of constitutionality in the amount chosen of $5,000. A court is not to substitute its economic beliefs for the judgments of legislatures which have broad power to experiment with economic problems. *Ferguson v. Skrupa*, 372 U.S. 726, 730–31, 83 S.Ct. 1028, 1031, 10 L.Ed.2d 93 (1963).

Consistent with the foregoing reasoning and upon consideration of the motion to dismiss, the opposition thereto, and the subsequent additional filings, it hereby is

ORDERED, that the motion is granted and the complaint is dismissed.

SO ORDERED.